OPINION OF THE COURT
Matthew J. Vitanza, J.
The plaintiffs sue the defendant for the sum of $852, claiming that sum is due them “for a mistaken levy on checking accounts of Thomas Corey d/b/a Corey Brothers Transmission Service and Robert Corey, Jr. — levy should be against Robert P. Corey, Sr. — April, 1980 (West Side Branch).” From the evidence submitted it appears that the defendant was served with a restraining notice in a County Court action entitled Smith Wilson Bros. Insurists, Inc. against Bob Corey doing business as Bob Corey Transmission Service. It recites that the plaintiff (Smith Wilson Bros. Insurists, Inc.) recovered a judgment against the defendant (Bob Corey doing business as Bob Corey Transmission Service) for the sum of $564 and that the same remains unpaid. The restraining notice further prohibits the transfer by defendant of “the proceeds of any and all check ing and/or savings accounts in the name of the judg *487 ment debtor, Robert Corey, Bob Corey, Bob Corey’s Transmission Service or Corey’s Transmission Service, or any other account in the [sic] which they have an interest, whether legal, equitable or both.”
As the result of said restraining notice, the defendant restrained the following three accounts:
34-6303-7: a checking account in the name of Bob Corey, having a balance of $3.10;
36-3112-7: a checking account in the name of Robert Corey and/or Dorothy Corey and/or Bob Corey, showing each of those persons as authorized signators, and having a balance of $602.23; and
36-6870-2: a checking account in the name of Corey Brothers Transmission Service, showing Thomas Corey, Bob Corey and Dorothy Corey as authorized signators, and having a balance of $252.88.
The defendant contends that the court lacks subject matter jurisdiction of the claim and that the complaint should be dismissed. That although the complaint herein is framed in terms of a wrongful levy against the bank accounts, the testimony clearly shows that no execution has been made and that the funds remain on deposit with Bankers Trust. That the relief actually being sought herein is a declaration that the restraining order is inapplicable to their accounts. The plaintiffs’ response to the defendant’s contention is that the defendant has unlawfully refused to return moneys belonging to the plaintiffs and that action is being brought for the return of all money wrongfully withheld by the defendant, plus any and all damages to the plaintiffs caused by defendant’s illegal failure to return moneys belonging to the plaintiffs.
Section 1801 of the Uniform City Court Act (UCCA) defines a small claim as “any cause of action for money only not in excess of one thousand dollars exclusive of interest and costs”. The amount sued for herein does not exceed the monetary jurisdictional limits of the court. However, what is the cause of action alleged? The complaint herein alleges a cause of action for damages due to a mistaken levy. The plaintiffs’ memorandum of law claims *488 that the plaintiffs have been damaged because the defendant has unlawfully refused to return moneys belonging to the plaintiffs and that the action is for the return of all money wrongfully withheld by the defendant plus any damages suffered by the plaintiff for the defendant refusing to return said money. The plaintiffs claim that Robert Corey, Sr., also known as Bob Corey, does not have any interest in Account No. 38-6870-2 Corey Brothers Transmission which is claimed to be the property of Thomas Corey, and Account No. 36-3112-7 which is claimed to be the property of Robert Corey, Jr.
A restraining order is a process of the court where the judgment was entered. A motion to vacate a restraining notice should be made to the court out of which the restraining order was issued (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222:9). The restraining notice herein was issued out of the County Court of Broome County. In order to determine the plaintiffs’ claim, this court would have to determine the validity of a process of a higher court which it does not have the power to do.
Complaint herein is dismissed.